UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Lobari Blackwell,
Plainti(Pro Se)
Massachusetts Resident

# V.

State of New Hampshire;                                           CIVIL ACTION NO.

Merrimack County Prosecutor's Office;

Claire Minuti; Doe Prosecutors

and Officers in their Individual and Official Capacities

COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF

42 U.S.C. § 1983

## I. NATURE OF ACTION

1. This is a civil action under 42 U.S.C. § 1983 for violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.
2. Plaintiff challenges the issuance and continued enforcement of an arrest warrant allegedly supported by an affidavit that fails to establish probable cause for violation of RSA 641:3 (false statement to a public servant).
3. Plaintiff seeks declaratory and injunctive relief invalidating the warrant, cessation of enforcement, and damages for constitutional injury.

## II. JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).
2. Venue is proper under 28 U.S.C. § 1391(b) because the challenged warrant was issued, approved, and is enforced within this District.

## III. PARTIES

1. Plaintiff Lobari Blackwell is a Massachusetts resident subject to an active New Hampshire arrest warrant.
2. Defendant State of New Hampshire is responsible for prosecutorial and law enforcement functions relevant to warrant issuance and enforcement.
3. Defendant Merrimack County Prosecutor's Office participated in review, approval, and maintenance of the challenged

warrant.

4. Defendant Claire Minuti and Doe Defendants include prosecutors, officers, and supervisory personnel involved in preparing, reviewing, or authorizing the warrant and supporting affidavit.

5.

## IV. FACTUAL ALLEGATIONS

1. Plaintiff is subject to an active arrest warrant alleging violation of RSA 641:3.
2. The warrant arises from alleged statements made by Plaintiff in connection with federal firearm documentation (ATF Form 4473).
3. The warrant remains active and authorizes arrest upon contact with law enforcement.
4. The supporting affidavit does not identify the controlling legal standard governing "falsity" or "misleadingness" under RSA 641:3.
5. The affidavit does not set forth specific factual allegations establishing that Plaintiff's statements were false under any articulated legal framework.
6. The affidavit does not explain how any classification determination underlying the alleged falsity was made or applied.
7. Instead, the affidavit relies on conclusory assertions that Plaintiff's statements were "false or misleading."
8. The affidavit does not provide an element-by-element factual basis supporting probable cause for each statutory element of RSA 641:3.
9. As a result, the warrant rests on conclusory legal assertions rather than factual predicates sufficient for a neutral probable cause determination.
10. Upon information and belief, the criminal investigation may have originated from information provided by a federally licensed firearms dealer. Plaintiff is without present knowledge of the contents of any such communication, including whether any such communication was transmitted, its substance, or whether it was relied upon in whole or in part in the preparation of the probable-cause affidavit. Plaintiff further lacks access to any underlying reports, submissions, or administrative records that may have been used to support the issuance of the warrant or the determination of probable cause, and such information is expected to be revealed through discovery if the case proceeds.

## V. CLAIM I – FOURTH AMENDMENT (UNREASONABLE SEIZURE – INVALID WARRANT)

1. Plaintiff incorporates paragraphs 1–10.
2. The Fourth Amendment requires that warrants be supported by probable cause based on specific factual allegations establishing each element of the offense.
3. A warrant supported only by conclusory assertions, without factual support, is constitutionally invalid.
4. The affidavit fails to establish factual support for the essential element of falsity under RSA 641:3.
5. Accordingly, the warrant is not supported by probable cause and violates the Fourth Amendment.

## VI. CLAIM II – FOURTEENTH AMENDMENT (DUE PROCESS – CONTINUING RESTRAINT)

1. Plaintiff incorporates paragraphs 1–10 and 1–5 of Claim I.
2. Plaintiff is subject to ongoing restraint through an active arrest warrant.
3. The continued maintenance of a warrant unsupported by probable cause constitutes a continuing deprivation of liberty without due process of law.

4. This ongoing restraint violates the Fourteenth Amendment.

## VII. CLAIM III – MONELL LIABILITY

1. Plaintiff incorporates paragraphs 1–10 and 1–4 of Claims I–II.
2. Upon information and belief, Defendants maintain policies, practices, or customs that permit issuance of arrest warrants based on conclusory determinations of falsity without requiring supporting factual allegations.
3. Upon information and belief, supervisory review procedures do not require articulation of the governing legal standard or element-by-element factual analysis.
4. These policies and practices constitute deliberate indifference to constitutional requirements governing probable cause.
5. These policies and practices were the moving force behind the issuance and continued enforcement of the warrant.

## VIII. CONTROLLING LEGAL ALLEGATION (RSA 641:3 – STATUTORY FRAMEWORK AND NOTICE CONDITION)

1. Under RSA 641:3, New Hampshire law does not treat statutory warning or notice language as a standalone element of criminal liability. As construed in State v. Stowe, the statute applies only where an allegedly false statement is made "on or pursuant to a form bearing a notification authorized by law."
2. Accordingly, the existence of a warning is legally significant only insofar as it reflects statutory authorization of the form's use and structure.
3. The statutory framework conditions application of RSA 641:3 on whether the underlying form satisfies the requirement of legal authorization, not on warning language in isolation.
4. Where that condition is met, the warning may serve as evidentiary support relevant to knowledge of falsity.
5. Where that condition is not met, RSA 641:3 does not apply, regardless of intent or presence of a warning.
6. Thus, criminal liability under RSA 641:3 arises only upon satisfaction of the statute's threshold requirement of authorized form usage.
7. Determinations of "falsity" or "misleadingness" must be grounded in the governing legal framework defining those terms, rather than inferred from administrative labeling or conclusory assertions.
8. A § 925B NICS denial report or similar administrative communication does not itself establish falsity or misleadingness under RSA 641:3 and cannot substitute for proof of statutory elements.
9. Because the supporting affidavit fails to identify the governing legal framework defining falsity under RSA 641:3, it fails to provide a sufficient factual and legal basis for a neutral magistrate to independently determine probable cause as to each essential element of the offense.
10. The Supreme Court's decision in United States ex rel. Schutte v. SuperValu Inc. illustrates the analytical distinction between the governing legal standard and a defendant's knowledge of that standard. The applicable legal standard must first be identified to determine the legal meaning of the conduct or statement at issue; only then may the factfinder determine what the defendant actually knew or believed about that legal standard. The existence and content of the governing law present an objective question of law, while the defendant's knowledge or belief presents a separate question concerning scienter. Conflating these inquiries risks substituting assumptions about the governing law for the legal analysis necessary to establish the applicable legal standard.

## IX. INJURY

1.    Plaintiff is subject to an active arrest warrant that restricts liberty and creates ongoing risk of arrest.

2.    Plaintiff has suffered constitutional injury under color of state law.

## X. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare the warrant invalid under the Fourth and Fourteenth Amendments;

B. Enjoin enforcement of the warrant;

C. Order withdrawal or expungement of the warrant;

D. Award compensatory damages under 42 U.S.C. § 1983;

E. Award nominal and punitive damages

F. Grant such other relief as the Court deems just and proper.

## XI. NO JURY DEMAND

Plaintiff demands trial by Judge on all issues so triable.

## XII.

Respectfully submitted,

Loban Blackwell

Plaintiff Pro Se

Massachusetts Resident